1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
                              AT SEATTLE

9

10   NORTH CASCADES                        CASE NO. C11-0666JLR
     CONSERVATION COUNCIL, et al.,

11                                          ORDER ON MOTIONS TO
                 Plaintiffs,                DISMISS

12
                     v.

13
     FEDERAL HIGHWAY

14   ADMINISTRATION, et al.,

15               Defendants.

16       This matter comes before the court on Defendants the Federal Highway

17   Administration ("FHWA"), the Western Federal Lands Highway Division, and the

18   United States Forest Service's motion to dismiss for lack of subject matter jurisdiction

19   (Dkt. # 28) and Plaintiffs North Cascades Conservation Council ("NCCC"), Pilchuck

20   Audubon Society, and William M. Lider's cross-motion to dismiss with instructions (Dkt.

21   # 33).  Having considered the submissions of the parties, the balance of the record, and

22   the relevant law, and no party having requested oral argument, the court GRANTS

     ORDER- 1

1 Defendants' motion to dismiss (Dkt. # 28) and DENIES Plaintiffs' cross-motion to

2 dismiss (Dkt. # 33) as moot.

3 **I.   BACKGROUND**

4        On April 19, 2011, Plaintiffs filed their complaint in this action, seeking a

5 declaratory judgment that Defendants violated several federal laws and an injunction

6 preventing Defendants from proceeding with a proposed project to repair a two-mile

7 stretch of forest road in the Mount Baker-Snoqualmie National Forest.  (Compl. (Dkt. #

8 1).)  Specifically, Plaintiffs alleged that Defendants violated the National Environmental

9 Policy Act ("NEPA"); the National Forest Management Act; the Safe, Accountable,

10 Flexible Transportation Equity Act: A Legacy for Users; and the Administrative

11 Procedure Act by improperly approving the Suiattle River Road Emergency Repairs

12 Project ("the Project") under a NEPA categorical exclusion.[1]  (*See generally id.*; *see also*

13 Kipnis Decl. (Dkt. # 27), Ex. A (March 31, 2010 document approving the categorical

14 exclusion for the Project).)

15        On May 9, 2011, Plaintiffs filed a motion for a temporary restraining order to

16 enjoin the construction of the Project.  (Dkt. # 15.)  On May 16, 2011, the day

17 construction of the Project was scheduled to begin, Defendants agreed to postpone

18 construction until June 7, 2011, in order to allow time for the parties to brief and the court

19 to consider Plaintiffs' motion.  (Dkt. # 24.)  On May 24, 2011, the day before

20

21        [1] Categorical exclusions provide a means for federal agencies to approve projects that
they have determined do not have a "significant effect on the human environment" without
preparing either an environmental assessment or an environmental impact statement under
22 NEPA.  40 C.F.R. § 1508.4.

1   Defendants' response to Plaintiffs' motion for a temporary restraining order was due, the

2   FHWA decided to withdraw its categorical exclusion for the Project "effective

3   immediately." (Kipnis Decl., Ex. C ("FHWA Letter").) The FHWA further represented

4   that it would not go forward with the project and that "[a]ny decision to proceed with this

5   project in the future, whether as originally conceived or in a modified form, will be based

6   on additional analysis, and the issuance of a new decision document." (*Id.*)

7        On May 26, 2011, Defendants filed the instant motion to dismiss for lack of

8   subject matter jurisdiction. (Defs. Mot. (Dkt. # 28).) Defendants contend that the instant

9   lawsuit is moot because the challenged agency decision has been withdrawn and the

10  Project has been cancelled. (*See id.* at 4-7.) Plaintiffs filed an opposition to Defendants'

11  motion, arguing that the case is not moot because Defendants' challenged conduct could

12  reasonably recur. (Resp. to Defs. Mot. (Dkt. # 32).)

13       On June 10, 2011, Plaintiffs filed their own motion to dismiss. (Pls. Mot. (Dkt. #

14  33).) Plaintiffs move the court to dismiss the case without prejudice and with instructions

15  ordering Defendants to comply with two conditions:

16       (1) Any decision to proceed with any portion of the Suiattle River Road
         Repair project will be based on additional environmental analysis and the
17       issuance of a new decision document; and

18       (2) Defendants will timely notify Plaintiffs of any future project to repair
         any portion of the Suiattle Road.
19
    (Dkt. # 33-1.) Plaintiffs have not abandoned their opposition to Defendants' motion to
20
    dismiss. (*See* Resp. to Defs. Mot.)
21

22

ORDER- 3

# II. ANALYSIS

If the court lacks subject matter jurisdiction over this action, then Plaintiffs' motion to dismiss is moot. Therefore, the court turns first to Defendants' motion to dismiss for lack of subject matter jurisdiction.

Defendants argue that this case is moot because the challenged decision has been withdrawn and the Project cancelled, leaving no present controversy for the court to resolve and no injury for the court to redress. Plaintiffs oppose Defendants' motion, arguing that the action is not moot because Defendants' alleged wrongful conduct in approving the Suiattle River Road categorical exclusion is likely to recur.

The Ninth Circuit has summarized the law governing mootness and the "voluntary cessation" exception as follows:

> Federal courts lack jurisdiction to consider moot claims. *Church of Scientology v. United States,* 506 U.S. 9, 12 (1992). "A claim is moot if it has lost its character as a present, live controversy." *Am. Rivers v. Nat'l Marine Fisheries Serv.,* 126 F.3d 1118, 1123 (9th Cir. 1997). In general, when an administrative agency has performed the action sought by a plaintiff in litigation, a federal court "lacks the ability to grant effective relief," and the claim is moot. *See Pub. Util. Comm'n v. FERC,* 100 F.3d 1451, 1458 (9th Cir. 1996). Courts have long recognized, however, a "voluntary cessation" exception to mootness. Under this doctrine, the mere cessation of illegal activity in response to pending litigation does not moot a case, unless the party alleging mootness can show that the "allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 189, (2000) (citation omitted). Without such an exception, "the courts would be compelled to leave [t]he defendant . . . free to return to his old ways." *Porter v. Bowen,* 496 F.3d 1009, 1017 (9th Cir. 2007) (alterations in original) (quoting *United States v. Concentrated Phosphate Exp. Ass'n,* 393 U.S. 199, 203 (1968)). . . . The party alleging mootness bears a "heavy burden" in seeking dismissal. *Laidlaw*, 528 U.S. at 189. It must show that it is "absolutely clear" that the allegedly wrongful behavior will not recur if the lawsuit is dismissed. *See id.*

*Rosemere Neighborhood Ass'n v. U.S. Envtl. Prot. Agency*, 581 F.3d 1169, 1172-73 (9th Cir. 2009) (action was not moot where there was evidence that the defendant had missed its regulatory deadlines in processing almost every civil rights complaint filed with the agency and where the plaintiff represented that it planned to file complaints in the future).

The court concludes that Defendants have met their burden to demonstrate that the case is moot and that the voluntary cessation exception does not apply. First, Defendants have withdrawn the decision that Plaintiffs challenged in this lawsuit; have cancelled the very Project that Plaintiffs sought to stop; and have expressly represented to Plaintiffs and to the court that no future project to rebuild or repair the Suiattle River Road will move forward absent additional analysis and a new decision document. (*See* FHWA Letter; *see also* Defs. Reply to Defs. Mot. (Dkt. # 34) (reaffirming Defendants' representation).) Thus, as Plaintiffs themselves state in their motion to dismiss, Plaintiffs have "achieved the relief sought in the Complaint." (Pls. Mot. at 3.) Second, it is unclear at this time whether Defendants will initiate a project in the future to repair or rebuild the Suiattle River Road, and if so, what shape such a project will take. (*See* Defs. Mot. at 5; *see also* FHWA Letter.) Thus, Plaintiffs' assertion that Defendants are likely to repeat their wrongful conduct in the future is speculation. Finally, the Ninth Circuit has recognized a presumption of good faith when the government, as opposed to a private party, ceases allegedly illegal conduct. *Am. Cargo Transp., Inc. v. United States*, 625 F.3d 1176, 1180 (9th Cir. 2010) (applying this presumption where the government adopted the plaintiff's position regarding the administrative process governing

international food aid shipments).  In an effort to rebut the presumption of good faith,

Plaintiffs have submitted a declaration in which Kevin Geraghty, a member of NCCC's

Board of Directors, recounts the difficulties he encountered in learning about the

categorical exclusion challenged in this lawsuit.  (Pls. Resp. to Defs. Mot., Ex. A.)

Having reviewed Mr. Geraghty's declaration, the court finds that it does not rebut the

presumption that Defendants acted in good faith in withdrawing the categorical

exclusion, cancelling the Project, and representing that they will conduct additional

analysis and issue a new decision document before undertaking a future project on the

Suiattle River Road.

      The court therefore concludes that Defendants have met their burden to show that

their allegedly wrongful behavior will not recur if the lawsuit is dismissed.  *See*

*Rosemere*, 581 F.3d at 1173 (noting that the defendant could "plausibly satisfy" its

burden either by showing that it is "extremely unlikely" that the plaintiff would file

another complaint or by showing that, even if the plaintiff did file another complaint, the

agency would meet its regulatory deadlines in resolving it).  Because the case is moot and

does not fall within the voluntary cessation exception to the mootness doctrine, the court

grants Defendants' motion to dismiss for lack of subject matter jurisdiction.

Accordingly, the court denies Plaintiffs' cross-motion to dismiss with instructions as

moot.

# III. CONCLUSION

For the foregoing reasons, the court GRANTS Defendants' motion to dismiss for lack of subject matter jurisdiction (Dkt. # 28) and DENIES Plaintiffs' cross-motion to dismiss with instructions (Dkt. # 33) as moot.

Dated this 21st day of July, 2011.

_____
JAMES L. ROBART
United States District Judge